**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**DIVISION OWENSBORO**
**CIVIL ACTION NO. 4:26-CV-00101-BJB-HBB**

KATHRYN KNIGHT                                                                         PLAINTIFF

VS.

PEABODY ENERGY,
PEABODY COAL COMPANY,
PEABODY COAL COMPANY LLC,
HERITAGE COAL COMPANY, and
PEABODY ENERGY CORPORATION,                                        DEFENDANTS

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

## I.      BACKGROUND

Plaintiff Kathryn Knight is the surviving spouse of Herman Knight, a coal miner who worked for one or more of the related Peabody entities and who suffered from black lung disease (DN 1, p. 4).   Knight filed a claim for survivor's benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.* (*Id.*).   Her initial filing was denied but she prevailed at a formal hearing before an administrative law judge, who awarded benefits dating back to her husband's death (*Id.*). The parties responsible for payment were Peabody Coal Company, LLC and Peabody Energy Corporation.   They appealed the ALJ's determination to the U.S. Department of Labor Benefits Review Board, which upheld the ALJ's decision (*Id.* at p. 5).   The Peabody entities subsequently appealed the Benefits Review Board's decision to the Sixth Circuit Court of Appeals; however they later dismissed that appeal due to a global settlement they arranged whereby Peabody entities would pay a lump sum to the Director of the Office of Worker's Compensation Programs and, in turn, the Black Lung Disability Trust Fund would pay unpaid monthly disability benefits to

claimants (*Id.* at pp. 5-6). Peabody Energy Corporation agreed to remain responsible for any auxiliary benefits to which Knight was entitled, including attorney fees and additional compensation (*Id.* at pp. 4-6).

Knight contends that the District Director issued a letter stating that the Defendants owed Knight $14,120.88 for additional compensation because they did not pay the benefits within 40 days of the initial request (*Id.* at p. 6). She contends further that she is entitled to an additional 20% by regulation, and that this enhancement applies to "all benefits that were due by Defendants and unpaid as of the day before the Peabody settlement agreement (*Id.* at p. 7).

The Defendants have not filed Answers. However, on April 3, 2026, the Plaintiff tendered a revised agreed order whereby the Defendants would pay Plaintiff's attorneys the sum of $5,285 for attorney fees and cost reimbursement in the present action (DN 7). On April 23 the Plaintiff filed a "Notice of Filing" clarifying that the parties anticipated settling the matter, but "the parties cannot fully settle this matter until the Court enters the Agreed Order . . " whereupon the Plaintiff indicates she will voluntarily dismiss the action upon entry of the Order (DN 9).

## II.   RECOMMENDATION

The undersigned perceives no reason why the Court should not endorse the parties' agreement for payment of attorney fees and expenses in furtherance of resolving the case in its entirety. Consequently, the undersigned recommends that the Court sign the proposed agreed order at DN 7.

April 28, 2026

H. Brent Brennenstuhl
United States Magistrate Judge

2

### III.   NOTICE

Therefore, under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.   Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.   If a party has objections, such objections must be timely filed, or further appeal is waived.   *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985).

April 28, 2026

H. Brent Brennenstuhl
United States Magistrate Judge

Copies:        Counsel

3